UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Mark J. Blunda, Esq.
(Atty. ID#018641977)
APRUZZESE, McDERMOTT,
MASTRO & MURPHY, P.C.
25 Independence Boulevard
Warren, New Jersey 07059
(908) 580-1776
Attorneys for Defendants
RWJBarnabas Health and
Community Medical Center

| | |
|---|---|
| JULIANN ALTMAN,<br><br>                    Plaintiff,<br><br>     v.<br><br>RWJBARNABAS HEALTH, COMMUNITY MEDICAL CENTER and JANE DOES 1-10, ABC INC(S)1-5, XYZ CORP(S)1-5 (fictitious names unknown)<br><br>                    Defendants. | New Jersey Superior Court<br>Docket No.: OCN-L-116-19<br><br>Civil Action No.<br><br>**NOTICE OF REMOVAL** |

TO:   CHIEF JUDGE AND JUDGES OF THE
      UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF NEW JERSEY

**ON NOTICE TO:**

   Clerk, Law Division
   Superior Court of New Jersey
   Ocean County Court House
   100 Washington Street
   Toms River, N.J. 08754
   Via Electronic Filing

   Mark F. CASAZZA, ESQ.
   RUDNICK, ADDONIZIO, PAPPA & CASAZZA
   25 Village Court

Hazlet, N.J. 07730
Attorneys for Plaintiff

**HONORABLE JUDGES:**

Defendants RWJBarnabas Health and Community Medical Center ("Defendants") notice the removal of this action pursuant to 28 U.S.C. §1441 to the United States District Court for the District of New Jersey, on the following grounds:

### TIMELINESS OF REMOVAL

1. On January 15, 2019, Plaintiff Juliann Altman ("Plaintiff") commenced a civil action against the above-named Defendants in the Superior Court of New Jersey, Ocean County, Law Division, under Docket No. OCN-L-116-19. The Summons is dated January 21, 2019. A true copy of the Summons and Complaint is attached hereto to Exhibit 1. To Defendants' knowledge, the Complaint is the only process or pleading filed by any party.

2. Defendants first received notice of the civil action on or about January 22, 2019, when it was served with a copy of the Summons and Complaint.

3. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal has been timely filed within thirty (30) days after first notice to Defendants of the civil action.

Not applicable

**BASIS FOR REMOVAL**

4. This cause is a civil action within the meaning of the Acts of Congress relating to removal of causes.

5. Count Five of the Complaint alleges that Defendants violated federal law, namely the Federal Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.* ("FMLA").

6. The Complaint also includes state law claims for alleged violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* and common law tort.

7. The above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1331 (Federal question), in that Plaintiff asserts a civil action based on a claim or right arising under the laws of the United States.

8. Because the United States District Court has original jurisdiction over Plaintiff's claims, this case is subject to timely removal under 28 U.S.C. § 1441 and 1446.

9. The pendent state law claims arise from a common nucleus of operative facts which may be removed to the United States District Court pursuant to 28 U.S.C. § 1441(c).

10. Defendants have not previously sought similar relief.

**CONSENT TO REMOVAL**

11. All named Defendants consent to this removal.

## NOTICE / SERVICE

12. Pursuant to 28 U.S.C. § 1446, copies of this Notice of Removal have this day been served, via Federal Express upon Plaintiff's counsel and via electronic filing upon the Clerk of the Law Division of the Superior Court, Ocean County, New Jersey.

**WHEREFORE**, Defendants respectfully request that this Honorable Court take jurisdiction of this action and issue all necessary orders and process to remove said action from the Superior Court of New Jersey, County of Ocean, to the United States District Court for the District of New Jersey.

Respectfully submitted,

APRUZZESE, McDERMOTT,
MASTRO & MURPHY, P.C.
Attorneys for Defendants

By: /s/ **_Mark J. Blunda_**
Mark J. Blunda, Esq.

Dated: February 14, 2019

### LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Mark J. Blunda, Esq., counsel for Defendants, certify that to the best of my knowledge the claims in the matter in controversy are not currently the subject of any other judicial or administrative proceedings besides the captioned New Jersey Superior Court action.

APRUZZESE, McDERMOTT,<br>
MASTRO & MURPHY, P.C.<br>
Attorneys for Defendants

By: */s/ Mark J. Blunda*

Dated: February 14, 2019          Mark J. Blunda, Esq.

## CERTIFICATION OF SERVICE

I hereby certify that I served copies of this Notice of Removal on this 14th day of February 2019 as follows:

Clerk, Law Division
Superior Court of New Jersey
Ocean County Court House
100 Washington Street
Toms River, N.J. 08754
Via Electronic Filing

Mark F. CASAZZA, ESQ.
RUDNICK, ADDONIZIO, PAPPA & CASAZZA
25 Village Court
Hazlet, N.J. 07730
Attorneys for Plaintiff
(Via Federal Express & e-filing)

APRUZZESE, McDERMOTT,
MASTRO & MURPHY, P.C.
Attorneys for Defendants

By: */s/ Mark J. Blunda*

Dated: February 14, 2019          Mark J. Blunda, Esq.

**EXHIBIT 1**

RUDNICK, ADDONIZIO, PAPPA & CASAZZA, P.C.
MARK F. CASAZZA, ESQ.- ATTORNEY ID NO. 042251998
A Professional Corporation
25 Village Court
Hazlet, New Jersey 07730
(732) 264-4400   File No. L-11299-CZ
Attorneys for Plaintiff

| JULIANN ALTMAN, | SUPERIOR COURT OF NEW JERSEY |
| --- | --- |
| Plaintiff(s), | LAW DIVISION: OCEAN COUNTY |
| v. | Docket No. OCN-L-116-19 |
| RWJ BARNABAS HEALTH, COMMUNITY MEDICAL CENTER, JOHN and JANE DOE(S) 1-10, ABC INC(S) 1-5, XYZ CORP(S) 1-5 (fictitious names/ names unknown) | Civil Action<br><br>SUMMONS |
| Defendant(s). | |

**FROM THE STATE OF NEW JERSEY**
**TO THE DEFENDANT(S) NAMES ABOVE:**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

s/ *Michelle M. Smith, Esq.*
Clerk of Superior Court

DATED: January 21, 2019
Name and Address of Defendant to be served:   **Community Medical Center**
                                              **99 Highway 37 West, Toms River, New Jersey 08755**

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Case Processing Section, Room 119
Justice Center
10 Main Street
Hackensack, NJ 07601-0769
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
1st Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
1st Floor, Hall of Records
101 South Fifth Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
9 North Main Street
Box DN-209
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Broad & Fayette Streets, P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
50 West Market Street
Room 131
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office, Attn: Intake
1st Floor, Court House
1 North Broad Street, P.O. Box 129
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Department
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08862
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 South Broad Street
P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court
Administration Building
3rd Floor
1 Kennedy Square, P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House, 71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1262
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Place, P.O. Box 910
Morristown, NJ 07960-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 18
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5628
LEGAL SERVICES
(856) 451-0003

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House, 413 Second Street
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

OCEAN COUNTY SUPERIOR COURT
OCEAN COUNTY COURTHOUSE
CIVIL LAW DIVISION
TOMS RIVER        NJ 08754

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 929-2016
COURT HOURS  8:30 AM - 4:30 PM

DATE:   JANUARY 15, 2019
RE:     ALTMAN JUIANN  VS RWJ BARNABAS HEALTH
DOCKET: OCN L -000116 19

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON CRAIG L. WELLERSON

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    002
AT:  (732) 929-4771 EXT 4771.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: MARK F. CASAZZA
RUDNICK ADDONIZIO, PAPPA & CAS
25 VILLAGE COURT
HAZLET          NJ 07730

ECOURTS

OCN-L-000116-19   01/15/2019 1:03:02 PM  Pg 1 of 8  Trans ID: LCV201991673

RUDNICK, ADDONIZIO, PAPPA & CASAZZA, P.C.
MARK F. CASAZZA, ESQ.- ATTORNEY ID NO. 042251998
A Professional Corporation
25 Village Court
Hazlet, New Jersey 07730
(732) 264-4400    File No. L-11299-CZ
Attorneys for Plaintiff

| | |
|---|---|
| JULIANN ALTMAN, <br><br> Plaintiff(s), <br><br> v. <br><br> RWJ BARNABAS HEALTH, COMMUNITY MEDICAL CENTER, JOHN and JANE DOE(S) 1-10, ABC INC(S) 1-5, XYZ CORP(S) 1-5 (fictitious names/ names unknown) <br><br> Defendant(s). | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: OCEAN COUNTY <br><br> Docket No. <br><br> Civil Action <br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, Juliann Altman (hereinafter referred to as "Plaintiff"), presently residing in the Bayville area of the Township of Berkeley, County of Ocean, and State of New Jersey, by way of complaint against the defendants says:

### PARTIES

1. At all times relevant herein, defendant RWJ Barnabas Health, is a health system in the state of New Jersey with its principal corporate headquarters located at 95 Old Short Hills Road in the Township of West Orange, County of Essex, and State of New Jersey, is the owner/operator of medical facility more commonly known as Community Medical Center.

2. At all times relevant herein, defendant Community Medical Center (CMC), is a RWJ Barnabas medical affiliate hospital with its principal corporate headquarters located at 99 Highway 37 W., in the Township of Toms River, County of Ocean, and State of New Jersey, that is authorized to and does transact business in the State of New Jersey.

3. At all times relevant herein, defendants John and Jane Does 1-10 and ABC Incs. 1-5, and XYZ Corps. 1-5, are unidentified individuals and/or companies that may be liable for the causes of action set forth herein.

## FACTUAL BACKGROUND

4. Plaintiff incorporates by reference all preceding paragraphs as if set forth herein at length.

5. Plaintiff, a female, commenced employment with the defendants herein in October of 2012, in the position of operating room RN at defendant Community Medical Center.

6. Throughout the tenure of her employment with defendant, Plaintiff had performed her job at a level that met or exceeded expectations, as confirmed by evaluations and the absence of any discipline.

7. At all times relevant herein, Plaintiff was pregnant with her second child, with the baby having a due date in mid-May of 2017.

8. At all times relevant herein, Plaintiff's manager, as well as the nurse recruiter in Human Resources were aware of Plaintiff's pregnancy.

9. At all times relevant herein, Plaintiff was desirous of obtaining a position in order to obtain full-time status, increased pay and eligibility for benefits.

10. As a result, on January 19, 2017, Plaintiff applied for a posted "Baylor" nurse position at Community Medical Center. The "Baylor" position would afford the Plaintiff the opportunity to obtain the equivalent of full-time status, a higher rate of pay and make Plaintiff eligible to receive benefits from defendant.

11. Plaintiff's application for the Baylor position was acknowledged by Human Resources on January 27, 2017 and Plaintiff was advised to contact her manager to interview for

2

same.

12. Plaintiff was highly qualified for the Baylor position and ready, willing and able to fulfill the requirement of said position.

13. Notwithstanding her experience, qualifications and willingness to assume the responsibilities of the Baylor position, Plaintiff never received any formal interview for the position.

14. While awaiting an interview, Plaintiff learned in or about February 2017, that the Baylor position was filled by defendant having been given to a male nurse, with less than 1 year experience.

15. Upon information and belief, 1 other nurse at CMC, a female, also applied for the posted Baylor position. Upon information and belief, she received a formal interview, unlike Plaintiff, and was not pregnant at the time of her application, unlike Plaintiff. Similar to Plaintiff, this applicant had more experience with defendant CMC than the male nurse who was hired in the Baylor position.

16. Upon information and belief, Plaintiff was denied an interview due to her pregnancy and/or her gender.

## COUNT ONE
### (VIOLATION OF NJLAD – GENDER/SEX BASED DISCRIMATION)

17. Plaintiff incorporates by reference all preceding paragraphs as if set forth herein at length.

18. The aforesaid conduct of defendants constitutes actionable gender and sex based discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A.

3

10:5-1 et. seq.

19. Plaintiff, a female, was qualified for the position in which she was employed and had performed her job at a level that met defendant's legitimate expectations throughout her employment.

20. The aforesaid acts of defendants were severe and pervasive enough to make a reasonable woman believe that the conditions of employment were altered and that the working environment was abusive or hostile.

21. The aforesaid conduct of defendants discrimination against plaintiff based upon her sex, due to the basis of her pregnancy, her need to care for her newborn baby, and her medical conditions related thereto.

22. As a direct and proximate result of defendant's wrongful actions, plaintiff has suffered and continues to suffer severe emotional distress, pain and suffering, humiliation, loss of income and financial losses.

**WHEREFORE**, plaintiff demands judgment against the defendants as follows:

(a) Compensatory, general and special damages;

(b) Punitive damages;

(c) Attorney's fees and costs of suit; and

(d) Such other and further relief as this Court deems just and proper.

## COUNT TWO
## (VIOLATION OF NJLAD – DISABILITY BASED DISCRIMINATION)

23. Plaintiff incorporates by reference all preceding paragraphs as if set forth herein at length.

24. The aforesaid conduct of defendants constitutes actionable disability based discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A.

4

OCN-L-000116-19 01/15/2019 1:03:02 PM Pg 5 of 8 Trans ID: LCV201991673

10:5-1 et. seq.

25. Plaintiff, a female, was qualified for the position in which she was employed and had performed her job at a level that met defendant's legitimate expectations throughout her employment.

26. The aforesaid acts of defendants were severe and pervasive enough to make a reasonable woman believe that the conditions of employment were altered and that the working environment was abusive or hostile.

27. The aforesaid conduct of defendants discrimination against plaintiff based upon her sex, due to the basis of her pregnancy, her need to care for her newborn baby, and her medical conditions related thereto.

28. As a direct and proximate result of defendant's wrongful actions, plaintiff has suffered and continues to suffer severe emotional distress, pain and suffering, humiliation, loss of income and financial losses.

**WHEREFORE**, plaintiff demands judgment against the defendants as follows:

(a) Compensatory, general and special damages;

(b) Punitive damages;

(c) Attorney's fees and costs of suit; and

(d) Such other and further relief as this Court deems just and proper.

## COUNT THREE
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

29. Plaintiff incorporates by reference all preceding paragraphs as if set forth herein at length.

30. At all times pertinent hereto, defendant's actions were extreme and outrageous in

5

character, and were designed to and did intentionally or recklessly inflict severe emotional distress on plaintiff.

31. As a direct and proximate result of defendant's wrongful actions, plaintiff has suffered and continues to suffer severe emotional distress, pain and suffering, humiliation, loss of income and financial losses.

**WHEREFORE**, Plaintiff demands judgment against the named defendants as follows:

(a) Compensatory, general and special damages;

(b) Punitive damages;

(c) Attorney's fees and costs of suit; and

(d) Such other and further relief as this Court deems just and proper.

## COUNT FOUR
### VIOLATION OF FAMILY LEAVE ACT (FLA)

32. Plaintiff incorporates by reference all preceding paragraphs as if set forth herein at length.

33. Plaintiff, due to her pregnancy and the future need to care for her newborn child, was an individual qualified and entitled to leave pursuant to the New Jersey Family Leave Act, N.J.S.A. 34:11(b)-1, et seq.

34. As a direct result of plaintiff's aforementioned status, defendants specifically denied plaintiff the opportunity of receiving, or even interviewing for, the Baylor position at CMC.

35. As a direct and proximate result of her termination, plaintiff has suffered and continues to suffer severe emotional distress, pain and suffering, humiliation, loss of income and financial losses.

**WHEREFORE**, Plaintiff demands judgment against the defendants as follows:

6

(a) Compensatory, general and special damages;

(b) Punitive damages;

(c) Attorney's fees and costs of suit; and

(d) Such other and further relief as this Court deems just and proper.

## COUNT FIVE
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT (FMLA)

36. Plaintiff incorporates by reference all preceding paragraphs as if set forth herein at length.

37. Plaintiff, due to her pregnancy and medical conditions related thereto, including her desire and need to care for her newborn child, was an individual qualified and entitled to leave pursuant to the Federal Family and Medical Leave Act, FMLA at 29 U.S.C. ¶2601, et seq.

38. As a direct result of plaintiff's aforementioned status, defendants terminated plaintiff from her position of employment with defendants herein.

39. As a direct and proximate result of her termination, plaintiff has suffered and continues to suffer severe emotional distress, pain and suffering, humiliation, loss of income and financial losses.

**WHEREFORE**, Plaintiff demands judgment against the defendants as follows:

(a) Compensatory, general and special damages;

(b) Punitive damages;

(c) Attorney's fees and costs of suit; and

(d) Such other and further relief as this Court deems just and proper.

7

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of Rule 4:25-4, the Court is advised that MARK F. CASAZZA, ESQUIRE, is hereby designated as trial counsel.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury of six (6) jurors as to all issues raised by these pleadings.

## CERTIFICATION

I hereby certify that pursuant to R. 4:5-1(b)(2), that this matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration, nor is any action or arbitration proceeding contemplated.

RUDNICK, ADDONIZIO, PAPPA & CASAZZA, P.C.
Attorneys for the Plaintiff

By: _____
MARK F. CASAZZA, ESQUIRE

DATED: January 15, 2019

RUDNICK, ADDONIZIO, PAPPA & CASAZZA
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
PARK VILLAGE
25 VILLAGE COURT
HAZLET, NEW JERSEY 07730

8

# Civil Case Information Statement

## Case Details: OCEAN | Civil Part Docket# L-000116-19

**Case Caption:** ALTMAN JUIANN VS RWJ BARNABAS HEALTH
**Case Initiation Date:** 01/15/2019
**Attorney Name:** MARK F CASAZZA
**Firm Name:** RUDNICK ADDONIZIO, PAPPA & CASAZZA
**Address:** 25 VILLAGE COURT
HAZLET NJ 07730
**Phone:**
**Name of Party:** PLAINTIFF : Altman, Juiann
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? YES

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO
  If yes, please identify the requested accommodation:


Will an interpreter be needed? NO
  If yes, for what language:


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/15/2019                                                    /s/ MARK F CASAZZA
Dated                                                                    Signed